UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY KEETON,<br>    Plaintiff,<br>    v.<br>J. MORA, et al.,<br>    Defendants. | Case No. 22-cv-03964-WHO (PR)<br><br>**SECOND ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff Tommy Keeton alleges that correctional officers violated his federal rights. His first amended 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Keeton has stated cognizable claims against Salinas Valley State Prison correctional officers T. Deslaurier Rixman, Juan Mora, Jose Gil-Rojas, and supervisor Elizabeth Gonzalez. The Court directs defendants Rixman, Mora, Gil-Rojas, and Gonzalez to file in response to the complaint a dispositive motion, or a notice regarding such motion, on or before **February 19, 2024**.

Discovery, which had been stayed pending the filing and review of the amended complaint, may recommence. The stay of discovery is DISSOLVED.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

1  from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed.
2  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

3       A "complaint must contain sufficient factual matter, accepted as true, to 'state a
4  claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
5  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial
6  plausibility when the plaintiff pleads factual content that allows the court to draw the
7  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting
8  *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal
9  conclusions cast in the form of factual allegations if those conclusions cannot reasonably
10 be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55
11 (9th Cir. 1994).

12      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
13 elements: (1) that a right secured by the Constitution or laws of the United States was
14 violated, and (2) that the alleged violation was committed by a person acting under the
15 color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

16 **B.  Legal Claims**

17      Keeton alleges that in October 2021 at Salinas Valley State Prison, correctional
18 officers T. Deslaurier Rixman, Juan Mora, and Jose Gil-Rojas used excessive force against
19 him. (Am. Compl., Dkt. No. 44 at 8.) He alleges that a supervisor, Elizabeth Gonzalez,
20 saw the use of excessive force and failed to intervene. (*Id.* at 8, 10.) He also alleges
21 Rixman conducted an unlawful search of his cell in violation of the Fourth Amendment
22 and damaged property during the search in violation of California regulations. (*Id.* at 6.)
23 He further alleges that Rixman filed a false Rules Violation Report against him in
24 retaliation for Keeton having filed an administrative appeal against Rixman, thereby
25 violating his First Amendment and due process rights. (*Id.* at 7, 9.)

26      When liberally construed, Keeton's Eighth Amendment excessive force claims
27 against Rixman, Mora, and Gil-Rojas; his Eighth Amendment failure-to-intervene claim
28 against Gonzalez; his First Amendment retaliation claim against Rixman; and his due

process claim against Rixman shall proceed. The due process claim regarding the filing of a false report, however, can succeed only if Keeton can show he was not afforded procedural due process at the subsequent disciplinary hearing. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (as long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983).

Keeton's Fourth Amendment claim is DISMISSED. There is no legitimate subjective expectation of privacy that a prisoner might have in his prison cell and, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Any claims regarding the destruction of property are DISMISSED. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, as it was here. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981), *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The availability of an adequate state post-deprivation remedy, *e.g.*, a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810-895).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court orders service of the first amended complaint (Dkt. No. 44), and all attachments thereto, on defendants T. Deslaurier Rixman, Juan Mora, Jose Gil-Rojas, and Elizabeth Gonzales, all correctional officers at Salinas Valley State Prison, and orders these defendants to respond to the cognizable claims raised in the operative complaint.

2. Service on these defendants shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the amended complaint (Docket No. 44) and

its attachments; this Order; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this Order on the plaintiff.

      3.      No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

      4.      Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this Order, the summons and the operative complaint for service upon each defendant who has not waived service.

      5.      On or before **February 19, 2024**, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

          a.      If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

          b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

6. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

7. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

8. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. All communications by the plaintiff with the Court must be served on defendants, or on defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order. Such requests must be made directly to jail officials, not to the Court.

11. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

13. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

14. The stay of discovery is DISSOLVED.

**IT IS SO ORDERED.**

**Dated:** November 6, 2023

_____
WILLIAM H. ORRICK
United States District Judge