UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY KEETON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. MORA, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-03964-WHO (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;**<br><br>**ORDER SETTING MOTION BRIEFING SCHEDULE**<br><br>Dkt. Nos. 70, 85, 86, and 89 |

**INTRODUCTION**

Plaintiff Tommy Keeton alleges in this 42 U.S.C. § 1983 action that correctional officers T. Deslaurier-Rixman, Juan Mora and Jose Gil-Rojas used excessive force against him and that their supervisor Elizabeth Gonzalez failed to intervene. Keeton also alleges that Deslaurier-Rixman violated his First Amendment and due process rights when Keeton filed a Rules Violation Report ("RVR") against him as an act of retaliation. Defendants initially move for summary judgment on grounds that Keeton has not exhausted his administrative remedies. Keeton did not name Mora, Gil-Rojas or Gonzalez in his grievance (nor attempt to describe them or mention their presence) and therefore has not complied with exhaustion requirements. Summary judgment will GRANTED in favor of Mora, Gil-Rojas, and Gonzalez.

In addition, the undisputed facts show that Keeton received sufficient process at the RVR disciplinary hearing. As a result, I will GRANT summary judgment on the due process claims against Deslaurier-Rixman.

The First Amendment and excessive force claims against Deslaurier-Rixman remain. The parties should now focus on these claims, which are independent of the exhaustion arguments decided in this motion. If either party believes that the material facts are undisputed, he or they should file a summary judgment motion (or other

1  dispositive motion) on the excessive force and First Amendment claims on or before **July**
2  **14, 2025.** Any opposition shall be filed within 45 days after the dispositive motion has
3  been filed.  Any reply shall be filed within 15 days after the opposition has been filed.  The
4  motion shall be deemed submitted on the day the reply is due.

## BACKGROUND

Keeton, a California state prisoner, alleges that in October 2021 at Salinas Valley State Prison, correctional officers T. Deslaurier-Rixman, Juan Mora, and Jose Gil-Rojas used excessive force against him.  (Am. Compl., Dkt. No. 44 at 8.)  He also alleges that a supervisor, Elizabeth Gonzalez, saw the use of excessive force and failed to intervene.  (*Id.* at 8, 10.)  He further contends that Deslaurier-Rixman filed a false RVR against him in retaliation for Keeton having filed an administrative appeal against him, violating his First Amendment and due process rights.  (*Id.* at 7, 9.)

### i. Exhaustion For Excessive Force Claims

Defendants have presented undisputed evidence that Keeton filed three grievances related to the allegations in the complaint:  Nos. 183113, 203352, and 399831.  Of these, only one (No. 183113) was submitted to the Office of Appeals, and therefore was exhausted.

In Grievance No. 183113, Keeton alleged that on October 29, 2021, defendant Deslaurier-Rixman used excessive force on him during a cell extraction.  (MSJ, Moseley Decl., 602 Grievance, Dkt. No. 70-3 at 19-26.)  The grievance does not mention Mora, Gil-Rojas or Gonzalez, describe them, or otherwise indicate that any persons other than Deslaurier-Rixman were present.  (*Id.*)  Keeton contends that he did not name the others because he did not have their names.  However, at his deposition, Keeton testified that he saw Gonzalez standing at the door of his cell and that he knew at the time who she was. (MSJ, Lompa Decl., Keeton Depo., Dkt. No. 70-7 at 8-9.)  He also alleges that he did not find out the others' names until November 21, 2021, nineteen days after he filed his grievance, when he received the incident report.  (Opp., Dkt. No. 88 at 3.)  He did not file an amended grievance that included their names.

2

### ii. Exhaustion For First Amendment and Due Process Claims

The undisputed facts are that on November 12, 2001, Keeton was served with an RVR regarding his obstructionist and assaultive conduct during a cell extraction on can October 31, 2021. (MSJ, Caraballo Decl., Dkt. No. 70-6 ¶ 5.) On April 22, 2024, after the district attorney declined to prosecute, a disciplinary hearing was held on the RVR. (*Id.* ¶ 6.) Keeton had the opportunity to call witnesses and present a defense. (*Id.*) He called no witnesses and submitted a written statement in his defense. (*Id.*) The factfinder found Keeton guilty of battery on a peace officer based on a review of the reporting employees' incident reports and assessed 150 days of credit loss. (*Id.* ¶ 6-7.)

The parties dispute whether Keeton exhausted his grievance against Deslaurier-Rixman on claims of First Amendment retaliation and due process. (Opp., Dkt. No. 88 at 4; Reply, Dkt. No. 84 at 4.)

## STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go

beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotations omitted).

## DISCUSSION

**i.    Excessive Force Claims**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Compliance with the exhaustion requirement is "mandatory," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and is "no longer left to the discretion of the district court," *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Exhaustion can be excused only if the administrative process is unavailable or not capable of use. *Ross v. Blake*, 578 U.S. 632, 642-644 (2016) ("aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' ").

To exhaust administrative remedies properly, inmates must comply with the applicable procedural rules because administrative exhaustion is governed by the prison grievance process itself, not by the PLRA. *Jones v. Bock*, 549 U.S. 199, 218 (2007). A grievant must use "all the steps the agency holds out" and must do so "properly." *Woodford*, 548 U.S. at 90 (citation omitted).

At the time of the events at issue in this action, to exhaust a claim, a prisoner-grievant in California state prison had to follow the procedures set forth in 15 Cal. Code

4

1   Regs. § 3480-3487.  (MSJ, Ramos Decl., Dkt. No. 70-4 at 1-7.)  To initiate the process, a
2   prisoner-grievant must file a written grievance to dispute a policy, decision, action,
3   condition, or omission by CDCR or CDCR staff.  15 Cal. Code Regs. § 3482.  In the initial
4   grievance, the grievant must describe all information known and available regarding the
5   claim, including key dates and times, names and titles of all involved staff (or descriptions
6   of those staff members), and names and titles of all witnesses to the best of the claimant's
7   knowledge.  *Id.* § 3482(c)(2).  A claim is not exhausted if it does not state the names and
8   titles of all involved staff or describe those staff members.  (MSJ, Dkt. No. 70 at 9.)

9   Because Keeton's grievance for excessive force fails to list all staff members
10  involved and describe their involvement in the issue, it fails to satisfy the prison's
11  exhaustion requirement for any defendant except Deslaurier-Rixman.  Keeton asserts that
12  he was unable to name the others because he did not know their names.  But he testified at
13  his deposition that he saw Gonzalez standing at the door of his cell and that he knew at the
14  time who she was, so there is no excuse for not naming her.  Moreover, the grievance
15  makes no mention of any person other than Deslaurier-Rixman being present.  If a grievant
16  does not know the names of the persons involved, he is required by the regulations to at
17  least describe those staff members, which Keeton failed to do in his grievance.  And once
18  he had their names, he could have filed an amended grievance.  He did not.  "[The]
19  PLRA's text suggests no limits on an inmate's obligation to exhaust."  *Ross*, 578 U.S. at
20  639.

21  For these reasons, defendants' summary judgment motion is GRANTED for all
22  claims against Mora, Gil-Rojas, and Gonzalez.

23  **ii.    Due Process Claim**

24  Keeton's due process claim against Deslaurier-Rixon is that the filing of an
25  allegedly false RVR violated his right to due process.  (Am. Compl., Dkt. No. 44 at 11;
26  Second Order of Service, Dkt. No. 52 at 2-3.)  This claim can succeed only if Keeton can
27  show he was not afforded procedural due process at the subsequent disciplinary hearing.
28  *See Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (as long as a prisoner is

afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983).

Under *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974), before an inmate may be deprived of a protected liberty interest through the disciplinary process, they must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present a defense, when consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. There must also be "some evidence" supporting the disciplinary finding. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

The undisputed facts show that Keeton was afforded sufficient process. He received notice of the hearing; he had an opportunity to call witnesses and present a defense; and, there was a written statement by the factfinder giving the reasons for the disciplinary action. Furthermore, the disciplinary decision was based on some evidence, specifically the incident reports. Accordingly, defendants' motion for summary judgment is GRANTED on the due process claims against Deslaurier-Rixman.

### iii. First Amendment and Excessive Force Claims

Because the defendants focused their motion on the preliminary issue of exhaustion for the excessive force claims, it is unclear whether either remaining party (Keeton or Deslaurier-Rixman) also asserts that there are material undisputed facts that would resolve the First Amendment and excessive force claims. If so, they should file a motion for summary judgment in accordance with this Order. If there is an exhaustion issue regarding the First Amendment claim, that may also be raised.

## OTHER MOTIONS

Keeton's sixth motion for the appointment of counsel is DENIED for the same reasons his other such motions were denied. (Dkt. No. 85.) He has not shown that exceptional circumstances exist. His filings are clear, and the suit does not present complex legal issues. He alleges that he requires further discovery. Because there will be another dispositive motion on the remaining claims, Keeton will be able to continue

1   seeking the discovery he requires.

2       Keeton's motion for leave to file exhibits is GRANTED.  (Dkt. No. 89.)

3       His motion to continue summary judgment because of discovery difficulties is
4   DENIED.  (Dkt. No. 86.)  There was sufficient evidence before me to decide the matter of
5   exhaustion and to decide the merits of the due process claim and therefore there was no
6   need to continue the motion.  Because there may be another dispositive motion on the
7   remaining claims, Keeton will be able to continue seeking the discovery he requires.

## CONCLUSION

9       Defendants' motion for summary judgment is GRANTED in favor Juan Mora, Jose
10  Gil-Rojas, and Elizabeth Gonzalez on all claims.  The motion is also GRANTED for
11  Keeton's due process claims against Deslaurier-Rixman.  The only claims remaining in
12  this action are Keeton's excessive force and First Amendment claims against Deslaurier-
13  Rixman.

14      On or before **July 14, 2025**, any party may file a summary judgment motion (or
15  other dispositive motion) on the excessive force and First Amendment claims.  The
16  opposition shall be filed within 45 days after the dispositive motion has been filed.  The
17  reply shall be filed within 15 days after the opposition has been filed.  The motion shall be
18  deemed submitted on the day the reply is due.

19      Keeton's motions for counsel and to continue are DENIED.  (Dkt. Nos. 85 and 86.)
20  His motion to file exhibits is GRANTED.  (Dkt. No. 89.)

21      The Clerk shall terminate all pending motions.

22  **IT IS SO ORDERED.**

23  **Dated:**  March 14, 2025

                                    WILLIAM H. ORRICK
                                    United States District Judge